**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE ALEXANDER HOYES-ZAMORA,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN ET AL.,<br>Respondents. | Case No. 5:26-cv-02808-AYP<br>**ORDER DENYING PETITION AS SUCCESSIVE PETITION** |

Before the Court is Petitioner's, Jose Alexander Hoyes-Zamora ("Petitioner"), Second Habeas Petition (Dkt. No. 1.) He argues that his previous habeas petition—where the Court granted ground 1 of his petition and ordered a bond hearing—addressed only the classification of Petitioner under *Matter of Yajure* and did not address the issue presented by this latest filing. Petitioner now argues primarily that his detention violates due process because he has a protected liberty interest and he did

not receive pre-deprivation process. He seeks immediate release from custody. *Id*. at 23–24.

## I. BACKGROUND

### A. First Petition

On April 20, 2026, Petitioner filed his first Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("First Petition"). First Petition, *Jose Alexander Hoyes Zamora v. Markwayne Mullin et al* ("*Hoyes Zamora I*"), No. 5:26-cv-01983-KES (C.D. Cal. Apr. 20, 2026), Dkt. No. 1. The First Petition presented claims under 8 U.S.C. § 1226(a) and the Due Process Clause of the Fifth Amendment and sought Petitioner's immediate release from U.S. Immigration and Customs Enforcement ("ICE") custody, or for Respondents to provide him with a bond hearing. *Id*. On April 30, 2026, the Court entered judgment granting ground 1 of the Petition, requiring Respondents to provide Petitioner with an individualized bond hearing within seven (7) days of the date of the order pursuant to *Bautista* and § 1226(a). (Order 1, *Hoyes Zamora I*, (C.D. Cal. April 30, 2026), Dkt. No. 13.) A status report filed on May 13, 2026, stated that "Petitioner was provided a bond hearing on May 6, 2026. (Status Report, *Hoyes Zamora I* (C.D. Cal. May 13, 2026), Dkt. No. 14.) Then, finding the Court could not grant any further relief as to ground 2, the Court dismissed ground 2 of his Petition as moot on June 4, 2026. (Order 2, *Hoyes Zamora I*, (C.D. Cal. June 4, 2026), Dkt. No. 16.)

### B. Second Petition

On May 25, 2026, Petitioner, commenced the instant action by filing a second Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Second Petition"), arguing his detention violates procedural due process because he has a liberty interest and he did not receive pre-deprivation

process. Second Petition, *Jose Alexander Hoyes-Zamora v. Markwayne Mullin et al,* ("*Hoyes-Zamora II*"), No. 5:26-cv-02808-AYP, (C.D. Cal. May 25, 2026), Dkt. No. 1. The Second Petition again seeks Petitioner's immediate release from ICE custody. *Id.* at 23. Respondents filed their Answer on June 2, 2026, arguing that DHS is permitted to arrest and detain an alien "pending a decision on whether the alien is to be removed from the United States" pursuant to 8 U.S.C. § 1226(a). (Dkt. No. 6 ("Answer").) Further, Respondents argue they are "broadly authorized to exercise their discretion to revoke release under this authority pursuant to 8 CFR § 241.1(l)(1), and 8 CFR § 241.4(l)(2)." *Id.* They additionally argue that Petitioner has failed to exhaust his administrative remedies and has received a *Rodrigeuz* bond hearing. (Ans.) Petitioner filed his Reply on June 10, 2026. (Dkt. No. 10.) The action has been fully consented to according to the General Order 26-05 and thus proceeds before the magistrate judge. (Dkt. No. 6.)

## II. LEGAL STANDARD

The statutory bar against successive habeas petitions found in 28 U.S.C. § 2244(b) applies only to habeas petitions filed pursuant to 28 U.S.C. § 2254 and not habeas petitions filed pursuant to 28 U.S.C. § 2241. *Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000). The Ninth Circuit has, nevertheless, recognized that the common law doctrine of abuse of the writ may serve as a bar to successive habeas petitions filed pursuant to § 2241. *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011). "The doctrine of abuse of the writ generally 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" *Id.* (citation omitted). Further, in applying the abuse of the writ doctrine, "grounds may be considered the same even when

supported by different legal arguments." *Sanders v. United States*, 373 U.S. 1, 11–12 (1963). "Under the abuse of the writ doctrine, a successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petition can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain that claim." *Alaimalo*, 645 F.3d at 1049.

## III. ANALYSIS

Petitioner's Second Petition is successive because it asserts claims that the Court has either addressed and rejected or could have been raised in the first petition. *Williams v. Calderon*, 83 F.3d 281, 286 (9th Cir. 1996); *Campbell v. Blodgett*, 997 F.2d 512, 516 (9th Cir. 1992) ("A claim is successive if it was raised in an earlier petition, or if it fails to raise a ground for relief that is new or different than a claim raised in an earlier petition and previously determined on the merits.").

Petitioner's Second Petition alleges that his detention is unlawful because he has a liberty interest and was detained without proper pre-deprivation process in violation of the Due Process clause of the Fifth Amendment and the Administrative Procedures Act. (Dkt. No. 1 at 3, 12–22.) Notably, a review of the First Petition filed shows that Petitioner stated the same claim for violation of the Due Process clause of the Fifth Amendment in that action. *Hoyes Zamora I*. Accordingly, the Court finds that Petitioner has raised the same ground for relief as in his prior petition and has not alleged any new facts. Moreover, Respondent has demonstrated that Petitioner has received the bond hearing that was previously ordered. (Ans. at 2.)

Petitioner's due process claim, which the Court already addressed and dismissed as moot, is predicated on factual circumstances that existed prior to the Court's April 30, 2026, Order, and largely duplicates the record already before the Court in the first action. Moreover, the legal theory underlying Petitioner's due process claim—that Petitioner was owed pre-deprivation process—is not new. Petitioner has an obligation to "conduct a reasonable and diligent investigation aimed at including all relevant . . . grounds for relief in the first federal habeas petition." *McCleskey v. Zant*, 499 U.S. 467, 498 (1991).

"A different factual basis or argument asserted to support the same legal theory advanced previously does not constitute a new ground for relief and is successive." *Campbell*, 977 F.2d at 516. Petitioner cannot circumvent the Court's ruling in *Hoyes Zamora I* by relitigating a claim already presented to, and rejected by, the Court absent a showing of prejudice or miscarriage of justice. *Sanders*, 373 U.S. at 16 ("Even if the same ground was rejected on the merits on a prior application, it is open to the applicant to show that the ends of justice would be served by permitting the redetermination of the ground.").

Petitioner has made no such effort to show prejudice or miscarriage of justice. In fact, Petitioner filed the Second Petition on May 25, 2026, prior to entry of final judgment in the First Petition on June 4, 2026. While the Court recognizes Petitioner's Second Petition could have resulted in a different decision than his First Petition, that consideration does not constitute the prejudice or fundamental miscarriage of justice contemplated under a successive petition analysis. *See id.* at 16–17 (establishing the ends-of-justice standard: for factual issues, a showing that prior evidentiary hearing was not full and fair; for purely legal issues,

a showing of an intervening change in law or other justification for failing to raise the point earlier).

Finally, no manifest injustice exists because Petitioner is not without a remedy, to the extent he can seek a bond redetermination pursuant to 8 C.F.R. § 1003.19 (e) based on his changed circumstances. The proper procedure would be to seek a redetermination before the immigration court. *Accord Arciaga v. Asher*, No. 14-1659, 2015 WL 500189, at *3 (W.D. Wash. Jan. 23, 2015) (noting that petitioner who is detained under § 1226(a) and did not request another bond redetermination hearing under § 8 C.F.R. § 1003.19(e) failed to show a due process violation); *Gillis v. Decker*, No. 13-0172, 2013 WL 4718913, at *3–4 (M.D. Pa. Sept. 3, 2013) (dismissing habeas petition without prejudice where petitioner failed to file a subsequent bond request as per 8 C.F.R. § 100.19 as he still had remedies available to challenged his continued detention before having court consider his habeas petition).

Because the Court has ruled on the merits of the claim and granted a remedy, Petitioner's proper recourse is to appeal the First Petition's decision to the Ninth Circuit.

Accordingly, the undersigned concludes that Petitioner has not shown cause for bringing a successive petition nor has Petitioner shown that a fundamental miscarriage of justice would result from failing to consider his successive petition. Therefore, the court finds that this Second Petition is barred as a successive petition under the abuse of the writ doctrine. *See Burke v. Colbert*, No. 23-1644, 2025 WL 89115, at *1 (9th Cir. Jan. 14, 2025) ("The district court correctly concluded that this claim is barred by the abuse of the writ doctrine because he raised it in his first § 2241 petition.").

## IV. CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that Judgment shall be entered:

1. The Petition is **DISMISSED** without prejudice as a successive petition barred under the abuse of the writ doctrine; and
2. The Clerk of the Court is directed to close this case.

Dated: October 13, 2026

HON. ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE